# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH MANNING,

    Plaintiff,

vs.

S. WILLIAMS, *et al.*,

    Defendants.

Case No. 2:14-cv-00304-APG-VCF

**ORDER**

    Plaintiff, who is in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint shall be served. First, however, the court considers plaintiff's motion for appointment of counsel (Dkt. #5).

    A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

    A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the

complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel. Here, plaintiff has demonstrated an ability to articulate his claims and the legal issues do not appear complex. Plaintiff's motion for the appointment of counsel is denied.

Plaintiff also filed a motion for extension of time to respond (Dkt. #14). He appears to have filed the motion because he was having difficulty getting legal supplies at Ely State Prison. However, at the time he filed the motion, this case was stayed for ninety days. Accordingly, no response or other action was required of plaintiff at that time, and his motion is denied as moot.

Finally, based on the financial information provided, the court finds that plaintiff is unable to prepay the full filing fee in this matter. Therefore,

**IT IS ORDERED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* (Dkt. #1) is **GRANTED**; plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #18983), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the Chief of

|     |     |
| --- | --- |
|     | Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702. |
| 4.  | The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Kat Howe. |
| 5.  | Subject to the findings of the Screening Order, within **twenty-one (21) days** of the date of the entry of this order, the Attorney General's Office shall file a notice advising the court and plaintiff of: (a) the names of the defendants for whom it <u>accepts</u> service; (b) the names of the defendants for whom it <u>does not accept</u> service; and © the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information. |
| 6.  | If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). As to any of the defendants for whom the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s). |
| 7.  | If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order. |
| 8.  | Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may |

disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

9. Plaintiff's motion for appointment of counsel (Dkt. #5) is **DENIED**.

10. Plaintiff's motion for extension of time to respond (Dkt. #14) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: November 12, 2014.

_____
UNITED STATES DISTRICT JUDGE