# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH MANNING,

    Plaintiff,

vs.

S. WILLIAMS, *et al.*,

    Defendants.

Case No. 2:14-cv-00304-APG-VCF

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion for district judge to reconsider the order denying the appointment of counsel (Dkt.#19).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

After the Early Mediation Conference and defendants' amended status report, the court entered an order granting plaintiff's application to proceed *in forma pauperis*, denying his motion for appointment of counsel, and serving the complaint (Dkt. #18). In his motion for reconsideration of the denial of counsel, plaintiff re-states his original arguments that he set forth in his first motion for appointment of counsel, including that he is an unsophisticated litigant without much education and that he has mental and physical "issues" (plaintiff does not elaborate) (Dkt. #19). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion for appointment of counsel should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district court to reconsider order (Dkt. #19) is **DENIED**.

DATED:   December 2, 2014.

_____
UNITED STATES DISTRICT JUDGE