**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KENNETH MANNING, | Case No. 2:14-CV-00304-APG-VCF |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| SEAN WILLIAMS, ERIC ANDERSON, and TIROME DALE, | (DKT. #27) |
| Defendants. | |

Defendants Sean Williams, Eric Anderson, and Tirome Dale move for summary judgment on plaintiff Kenneth Manning's claims against them based on Manning's failure to exhaust his administrative remedies. I will dismiss the complaint without prejudice.

**I. BACKGROUND**

Manning was an inmate at High Desert State Prison. (Dkt. #3.) He alleges that after he filed a grievance against Williams, Williams and Anderson retaliated against him by "outing" him as a child molester in front of other inmates. He contends this put him at risk of attack. Based on these allegations, he asserts claims for First Amendment retaliation and Eighth Amendment deliberate indifference to inmate safety in Count I of the complaint. (Dkt. #2 at 3.) In Count II he asserts another First Amendment retaliation claim: that Williams and Dale allowed another inmate to enter Manning's cell and destroy his property because he filed a grievance against Williams. (*Id.*)

The defendants move for summary judgment, arguing that Manning has not exhausted his administrative remedies prior to bringing suit as required by the Prison Litigation Reform Act ("PLRA"). As to Count I, the defendants assert that Manning filed a grievance only as to Anderson, and Manning did not fully exhaust that grievance before filing suit. As to Count II, the defendants contend Manning never filed a grievance against anyone for allowing another inmate

1  into his cell to destroy his property.  Manning responds that the defendants have improperly
2  mixed up the exhibits to make it appear he has not exhausted his administrative remedies.  He
3  contends the defendants attached his kites complaining about defendant Anderson to exhibit D
4  instead of exhibit E.  Manning also contends the defendants did not include grievances he filed
5  against correctional officer Murphy, who Manning contends is the same person as defendant
6  Williams.

## II. ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The PLRA exhaustion provision, 42 U.S.C. § 1997e(a), states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Before filing suit, a prisoner must properly exhaust all available administrative remedies by complying with the prison grievance process's "deadlines and other critical procedural rules . . . ." *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010); *see also Jones v. Bock*, 549 U.S. 199, 217-18 (2007).

Failure to exhaust under the PLRA is an affirmative defense. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). The defendants therefore bear the burden of establishing the plaintiff did not properly exhaust. *Id.* To meet this burden, the defendants must show (1) "there was an available administrative remedy" and (2) the plaintiff "did not exhaust that available remedy." *Id.* at 1172. The plaintiff has not exhausted if "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). If the defendants make this showing, the burden then shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Exhaustion under § 1997e(a) is mandatory. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The prisoner "must have entirely exhausted administrative remedies" before he "submits [his complaint] to the court." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). If he does not, the district court must dismiss his suit without prejudice, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Id.* at 1050-51; *see also Sapp*, 623 F.3d at 828 (affirming district court's dismissal without prejudice for failure to exhaust).

The Nevada Department of Corrections' grievance procedure is set forth in Administrative Regulation 740. (Dkt. #27-1.) The procedure involves three levels: an informal grievance, a first level grievance, and a second level grievance. (*Id.*)

**A. Count I**

No genuine issue of material fact remains that Manning did not exhaust his claims in Count I.[1] The defendants have presented evidence that Manning did not file any grievance against Williams or Dale during the relevant time frame alleged in Count 1 of the complaint. (Dkt. #1-1 at 4; Dkt. #27-3.) Manning responds that Williams is actually correctional officer

---

[1] I therefore need not make any findings on disputed issues of fact. *See Albino*, 747 F.3d at 1170-71.

1 Murphy. But Manning does not point to any evidence in the record that he filed a grievance
2 against Williams, Dale, or "Murphy" related to the conduct alleged in Count I. He also does not
3 present evidence that any such grievance was exhausted before he submitted his complaint to this
4 court. Nor does he present any evidence or argument that the generally-available administrative
5 remedy was effectively unavailable to him. I therefore dismiss without prejudice Manning's
6 claims against defendants Williams and Dale in Count I of the complaint for failure to exhaust
7 administrative remedies.

Manning did file a grievance against Anderson, alleging that Anderson made sexual overtures toward Manning by stating "lolley pop time." (Dkt. #27-3; Dkt. #27-4; Dkt. #27-5.) However, no genuine issue of material fact remains that Manning did not exhaust this grievance before filing this lawsuit. Manning submitted his complaint to this court on February 26, 2014. (Dkt. #1.) He filed his second level grievance after that, on March 4, 2014. (Dkt. #27-5 (grievance log number 2006-29-71895).)[2] Thus, even if the defendants erroneously mixed up the attachments to his grievances as Manning argues, Manning filed the second level grievance against Anderson after he had already submitted his complaint to this court. Manning therefore did not fully exhaust the available administrative remedies. He has not presented any evidence or argument that the generally-available administrative remedy was effectively unavailable to him. Consequently, I will dismiss Manning's claims in Count I against Anderson as unexhausted.

### B. Count II

No genuine issue of material fact remains that Manning did not exhaust his claims in Count 2. The defendants have presented evidence that Manning never filed a grievance alleging that any staff member allowed another inmate to enter his cell and destroy his property. (Dkt. #27-2; Dkt. #27-3.) Manning presents no contrary evidence. He also presents no evidence or argument that the generally-available administrative remedy was effectively unavailable to him. I therefore dismiss Count II without prejudice for failure to exhaust administrative remedies.

---

[2] Even if grievance log number 2006-29-70134 was the proper grievance, Manning filed his second level grievance for this log number on February 28, 2014. (Dkt. #27-4.)

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (Dkt. #27) is GRANTED IN PART. Rather than entering summary judgment, I will dismiss without prejudice.

IT IS FURTHER ORDERED that plaintiff Kenneth Manning's claims against defendants Sean Williams, Tirome Dale, and Eric Anderson are DISMISSED without prejudice for failure to exhaust administrative remedies.

DATED this 13th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE